File No. PI07-17301
Document No. 344977

UNITED STATED DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM C. CONAWAY and ROBERTA PUICAN, <br><br> Plaintiffs, <br><br> v. <br><br> HEANNEN HARRISON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No.: 07-007 |

## DEFENDANT'S ANSWER TO COMPLAINT

1.  Defendant is without knowledge or information sufficient to admit or deny the allegation contained in this paragraph.

2.  Defendant is without knowledge or information sufficient to admit or deny the allegation contained in this paragraph.

3.  Admitted that Defendant Heannen Harrison is a resident of the Commonwealth of Pennsylvania. Defendant denies the remaining averment in sentence 1 of this paragraph. No response is required to the second sentence in this paragraph as it states a conclusion of law to which no response is required.

4.  This averment states conclusions of law and recitation of Federal Statute, therefore no response is required by Defendant. To the extent that an answer is required by Defendant, Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

5.  Defendant admits that on July 16, 2006, he was operating a 2005 white Chevrolet Corvette on southbound Route 13. Defendant is without knowledge or

information sufficient to admit or deny the remaining allegations contained in this paragraph.

6. (a) - (e)    Denied.

7.    Defendant denies any allegation of negligence contained in this paragraph. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

8.    Defendant denies any allegation of negligence contained in this paragraph. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

9.    Defendant denies any allegation of negligence contained in this paragraph. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

10.    Defendant denies any allegation of negligence contained in this paragraph. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

11.    Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

12.    Plaintiff's claim is barred to the extent that he/she has failed to mitigate his/her damages.

## THIRD AFFIRMATIVE DEFENSE

13.    Some or all of Plaintiff's damages are inadmissible pursuant to 21 Del. C. § 2118.

## FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff's Complaint fails due to insufficiency of service of process upon Defendant.

## FIFTH AFFIRMATIVE DEFENSE

15. Defendant repeats and realleges the Answers in Paragraphs 1 through 14 of the Complaint as if set forth herein in their entirety.

16. Plaintiff William C. Conaway was negligent in that he:

    (a) Operated a vehicle in a careless or imprudent manner, in violation of 21 Del. C. § 4176(a);

    (b) Operated a motor vehicle without due regard for road, weather, and traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

    (c) Failed to give full time and attention to the operation of a motor vehicle, in violation of 21 Del. C. § 4176(b);

    (d) Failed to keep a proper lookout, in violation of 21 Del. C. § 4176(b);

    (e) Failed to yield the right-of-way to a vehicle approaching on the roadway to be entered or crossed, in violation of 21 Del. C. § 4133;

    (f) Failed to keep his vehicle at a full stop and yield right-of-way to a vehicle approaching on the roadway so closely as to constitute an immediate hazard, in violation of 21 Del. C. § 4164(b);

    (g) Failed to operate his vehicle as a reasonable and prudent person would by operating the vehicle in such a manner so as to cause a collision with another vehicle;

  (h) Failed to exercise reasonable care in the operation of his motor vehicle; and

  (i) Was otherwise negligent as may be found throughout the discovery process.

17. Plaintiff William C. Conaway's negligence is the sole or majority proximate cause of Plaintiffs' injuries; therefore, Plaintiffs 'claims are barred by operation of 10 Del. C. § 8132.

18. In the event it is determined that Plaintiff William C. Conaway's negligence is not found to be the sole or majority proximate cause of Plaintiffs' alleged injuries, any award to Plaintiffs must be reduced in proportion to Plaintiff's own degree of fault pursuant to 10 Del. C. § 8132.

WHEREFORE, Defendant respectfully requests that the Complaint against him be dismissed, with prejudice, as well as an assessment against Plaintiff William C. Conaway for attorney's fees and the cost of this action.

         HECKLER & FRABIZZIO

         /s/ Dennis A. Mason II
        DENNIS A. MASON II, I.D. #4644
        The Corporate Plaza
        800 Delaware Avenue, Suite 200
        P.O. Box 128
        Wilmington, DE 19899-0128
        Attorney for Defendant

Date: May 7, 2007

File No. PI07-17301
Document No. 344975

UNITED STATED DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM C. CONAWAY and ROBERTA PUICAN, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 07-007 |
| v. | ) ) | |
| HEANNEN HARRISON, | ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Dennis A. Mason II, Esquire, of Heckler & Frabizzio, do hereby certify that on the 7th day of May, 2007, a true and correct copy of Defendant's Answer to Complaint was forwarded to counsel of record via electronic filing:

Timothy E. Lengkeek, Esquire
Young, Conaway, Stargatt & Taylor
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

HECKLER & FRABIZZIO

/s/ Dennis A. Mason II
DENNIS A. MASON II, I.D. #4644
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE  19899-0128
Attorney for Defendant